Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0815 | **DATE** | 3/4/13 |
| **CASE TITLE** | Andrew Erickson (#M-25008) v. Kendall County Deputy Hansen, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Danville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Kendall County Deputy Sheriffs Hansen and Delacruz, violated the plaintiff's constitutional rights by subjecting him unconstitutional conditions of confinement. More specifically, the plaintiff alleges that on October 27, 2011, defendant Hansen refused to give him his breakfast tray unless the plaintiff complied with an order to clean up a mess on the gallery. He further alleges that when he refused to clean up the mess, defendant Hansen taunted him with the tray, ultimately refusing to give the plaintiff his breakfast. With respect to defendant Delacruz, the plaintiff alleges that he failed to intervene.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $42.60. The supervisor of inmate trust accounts at Danville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Danville inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be **(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

The Constitution requires that inmates be detained in humane conditions, which includes providing them with adequate nourishment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). In *Farmer*, the analysis concerning the humane treatment of convicted prisoners falls under the Eighth Amendment's prohibition against "cruel and unusual punishment." U.S. Const. amend. VIII. Pre-trial detainees like Plaintiff, by contrast, are guaranteed humane treatment by the Due Process Clause of the Fourteenth Amendment; the analyses, however, are "frequently consider[ed] [] to be analogous." *Guzman v. Sheahan*, 495 F.3d 852, 856 (7th Cir. 2007) (alteration in original) (*quoting Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002)).

Inmates must be provided "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (*quoting Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)). But "the occasional missed meal does not rise to the level of a constitutional violation." *Cruiel v. Stigler*, No. 06 C 6880, 2008 U.S. Dist. LEXIS 32518, 2008 WL 904894, at *5 (N.D. Ill. Mar. 31, 2008); *cf. Reed v. McBride*, 178 F.3d 849 (7th Cir. 1999) (claim that the prisoner was repeatedly denied food for three to five days at a time survives summary judgment). The plaintiff's claim is that he was denied one meal because he refused to comply with an order. The plaintiff does not contest the validity of the rule that he, as a detainee, is required to follow orders given by jail security staff. As the Seventh Circuit has noted, "deliberate noncompliance with a valid rule does not convert the consequences that flow automatically from that noncompliance into punishment." *Rodriguez v. Briley*, 403 F.3d 952, 952-53 (7th Cir. 2005) (rejecting a prisoner's claim of inhumane treatment in violation of the Eighth Amendment where his refusal to stow his personal items upon exiting his cell resulted in denial of over three hundred meals over the course of eighteen months).

With respect to the plaintiff's allegation that defendants taunted him with the breakfast tray, Such conduct, "[w]hile unprofessional and deplorable, does not violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *Id.*, citing *Shabazz v. Cole*, 69 F.Supp.2d 177, 199-201 (D. Mass. 1999) (collecting cases).

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."